## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK MAZZA,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>WEGMANS FOOD MARKETS, INC.<br>T/D/B/A WEGMANS,<br><br>　　　　　*Defendants.* | CIVIL ACTION<br>NO. 25-6700 |

**Pappert, J.**                                                     **June 3, 2026**

### MEMORANDUM

*Pro se* plaintiff Mark Mazza sued Wegmans Food Markets, Inc. in the

Montgomery County Court of Common Pleas, apparently alleging negligence,

conspiracy, fraud, breach of contract, and age and race discrimination.[1]  After Wegmans

removed the case to federal court, Mazza moved to remand.  The Court denied the

motion and Mazza appealed, which the Third Circuit Court of Appeals dismissed for

lack of jurisdiction.  The Court now vacates its previous order, grants Mazza's motion,

and remands the case back to state court.

I

Mazza is a sixty-nine-year-old Pennsylvania resident who works as an Instacart

shopper.  (Compl. ¶¶ 1–2, 15.)  He shopped for Instacart customers every day at

Wegmans in King of Prussia.  (*Id.* ¶¶ 3, 6.)  Mazza believes Wegmans discriminated

against him because of his age and race based on several encounters at the checkout

---

[1]      Although Mazza alleges "discrimination" based on age and race, *see* (Compl. ¶¶ 25, 52–53,
58, Not. of Removal Ex. A, Dkt. No. 1-1), the Complaint cannot be reasonably read to give the Court
federal question jurisdiction and, more importantly, Wegmans removed solely on the basis of
diversity, *see* (Not. of Removal at 2–4, Dkt. No. 1).

1

line.  Employees allegedly suggested he "was age inappropriate" for the store and "in the minority of . . . individuals / shoppers" there.  (*Id.* ¶¶ 15–16.)  Another time, he saw a black Instacart shopper "pointing at him" while talking to an employee.  (*Id.* ¶ 18.)

Around April 22, 2025, Instacart told Mazza he could no longer shop at Wegmans.  (*Id.* ¶ 8.)  Since then, he purportedly has suffered "continuing-substantial lost income, humiliation, embarrassment, emotional distress, and depression," (*id.* ¶ 26), and seeks "compensatory damages, consequential damages, punitive damages, treble damages, and other damages permitted by law and equity," (*id.* ¶ 29.)

## II

Federal courts are of limited jurisdiction, possessing "only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted).  A defendant attempting to remove a case from state to federal court bears the burden of establishing the federal court's subject matter jurisdiction by a preponderance of the evidence.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 501 (3d Cir. 2014); *see also* 28 U.S.C. § 1441(a).  A federal court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Removal statutes are "strictly construed, with all doubts . . .  resolved in favor of remand."  *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

## A

Wegmans removed based on diversity jurisdiction.  (Not. of Removal at 2–4.) Federal courts have subject matter jurisdiction over state-law claims when there is

complete diversity of citizenship between the litigants and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  On a motion for remand, diversity jurisdiction must exist "both at the time the original action is filed and at the time the removal petition is filed."  15A *Moore's Federal Practice* § 102.21[1] (2026); *Knop v. McMahan*, 872 F.2d 1132, 1138 (3d Cir. 1989).  So the Court must determine whether a defendant can remove "from the allegations in the complaint at the time of removal."  *Id.*  Although Mazza amended once in this Court, (Dkt. No. 7), "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."  *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006); *see also* 16 *Moore's Federal Practice* § 107.56[2] ("A plaintiff's post-removal stipulation or amendment . . . has no bearing on the amount in controversy for diversity purposes.").

Wegmans fails to show that the amount in controversy exceeds $75,000.  Federal courts sitting in diversity "must examine state law to determine the nature and extent of the damages to be awarded."  16 *Moore's Federal Practice* § 107.56[3].  "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the rights being litigated."  *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (collecting cases).  Where the complaint does not limit its request for damages to a precise monetary amount, the district court should "ma[k]e an independent appraisal of the value of the claim[s]."  *Id.*

Under Pennsylvania law, Mazza can recover compensatory, consequential and punitive damages.[2]  *See, e.g.*, *McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 623–

---

[2]    Mazza cannot recover treble damages for his negligence, conspiracy, fraud, or breach of contract claims because they are based on state common law rather than statute.  *See N'Jai v. Bentz*,

32 (E.D. Pa. 1998).  But the Complaint never mentions any monetary amount, let alone an amount in damages.  Nor does Mazza allege how much he made from Instacart or what portion of his income came from Wegmans, and the Court cannot value the purported claims for humiliation, embarrassment, emotional distress, or depression.  *See Russ v. Unum Life Ins.*, 442 F. Supp. 2d 193, 198 (D.N.J. 2006) (remanding where the district court was "unable to determine what damages have accrued").  Moreover, his claims are limited to Wegmans banning him—not any of the other stores where Mazza continues to shop for Instacart customers.  *See* (Compl. ¶¶ 3, 6, 9, 21).

Wegmans contends removal is appropriate based on "the broad relief" Mazza seeks, damages that might accrue during litigation, and potential punitive damages.  (Not. of Removal ¶¶ 21–22.)  Those arguments fail for two reasons.  First, Wegmans cites allegations in the Complaint concerning injuries and damages, *see* (*id.*¶¶ 19–20 (citing Compl. ¶¶ 26, 29)), but "boilerplate allegations" cannot satisfy its burden, *see Murphy Murphy & Murphy, P.C. v. Nationwide Ins.*, No. 19-712, 2019 WL 2389663, at *4 (E.D. Pa. June 5, 2019) (remanding where the complaint had "boilerplate language" of injuries and damages); *Lewis-Hatton v. Wal-Mart Stores E., LP*, No. 13-7619, 2014 WL 502367, at *4 (E.D. Pa. Feb. 7, 2014) (same).  And "the Court cannot rely on conjecture [about Mazza's damages] in its determination of the jurisdictional amount at issue."  *Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 328 (E.D. Pa. 2001).

---

No. 13-1212, 2015 WL 5123691, at *4 (W.D. Pa. Sep. 1, 2015) ("[I]t is axiomatic that treble damages are only available when they are authorized by a statute.").  To the extent he also brings discrimination claims under the Pennsylvania Human Relations Act, treble damages are not available to him.  *See Hoy v. Angelone*, 691 A.2d 476, 483 (Pa. Super. Ct. 1997).

Second, damages that might accrue in the future are irrelevant.  The amount in controversy is limited to "the damages claimed at the time of removal."  16 *Moore's Federal Practice* § 107.56[2].

An appropriate Order follows.

BY THE COURT:

**/s/ Gerald J. Pappert**

Gerald J. Pappert, J.

5